**IN THE COURT OF APPEALS OF IOWA**

No. 23-1940
Filed January 24, 2024

**IN THE INTEREST OF C.A.,**
**Minor Child,**

**F.M., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, District Associate Judge.

　　A mother appeals the termination of her parental rights to her third daughter.
**AFFIRMED.**

　　Robert W. Davison, Cedar Rapids, for appellant mother.

　　Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

　　Robin O'Brien-Licht, Cedar Rapids, attorney and guardian ad litem for minor child.

　　Considered by Tabor, P.J., and Badding and Buller, JJ.

**TABOR, Presiding Judge.**

A mother, Fawn, contests the termination of her parental rights to her daughter, C.A., born in March 2023. We recently affirmed the termination of her parental rights to two older daughters: A.M.-A., born in December 2020, and B.A., born in February 2022. *See In re A.M.-A.*, No. 23-1381, 2023 WL 7391827, at *1 (Iowa Ct. App. Nov. 8, 2023). In this appeal, Fawn challenges the grounds for termination of her rights to C.A. and contends that the juvenile court should have preserved their relationship because of her bond with C.A. After our independent evaluation of the facts, we reach the same conclusion as the juvenile court.[1] Fawn's struggles with substance use, mental health, and instability prevent reunification with C.A. So we affirm.

## I. Facts and Prior Proceedings

The Iowa Department of Health and Human Services had been working with this family for more than one year before C.A. was born. In February 2022, the department responded to reports that B.A., then a newborn, and her older sister A.M.-A. were malnourished. The juvenile court removed those girls from parental care in March 2022 and adjudicated them as children in need of assistance (CINA). The case plan directed the parents, Fawn and Carl, to be evaluated for any substance-use and mental-health issues and follow through with recommended treatment. The department also expected them to complete parenting classes,

---

[1] We review termination proceedings de novo. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022). We respect the juvenile court's factual findings, but they do not dictate our result. *Id.* The State must prove the grounds for termination by clear and convincing evidence. *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

attend visits with their children, and find suitable housing. As we wrote in our previous decision quoting from the juvenile court, "the parents' 'engagement in services seemed to ebb and flow.'" *Id.* They were slow in securing the evaluations. Their visits were inconsistent at first. They lacked stable housing. And they skipped many drug-testing appointments. And most concerning, both parents tested positive for methamphetamine six times between January and May 2023. The court terminated the parents' rights to A.M.-A. and B.A. in August 2023.

Meanwhile the department removed C.A. from parental custody one day after her birth.[2] She was placed with her sisters in the home of an aunt and uncle, where all three have remained in family foster care. Because the parents made little progress toward the case plan goals after losing custody of their two older daughters, the State petitioned to terminate their rights to C.A. in September 2023.

Both parents attended the November 2023 termination hearing, but neither testified. The State presented testimony from a family support worker and the department case manager. At the end of the hearing, C.A.'s guardian ad litem recommended termination of parental rights so that the child could be adopted by her aunt and uncle. The juvenile court granted the State's termination petition. Only Fawn appeals.

## II. Analysis

We analyze this termination case in three steps. *In re D.W.*, 791 N.W.2d 703, 706–07 (Iowa 2010). First, we decide whether the State proved any ground for termination under Iowa Code section 232.116(1) (2023). Second, we apply the

---

[2] The court adjudicated C.A. as a CINA in August 2023.

best-interests framework in section 232.116(2). *Id.* Third, if that framework supports the State's petition, we check whether any factors in section 232.116(3) should nevertheless preclude termination. *Id.*

### A. Grounds for Termination

The State petitioned to terminate Fawn's parental rights under section 232.116(1), paragraphs (g), (h), and (*l*). The juvenile court decided the State satisfied the elements of paragraphs (g) and (h) but not (*l*). When the court terminates rights on more than one statutory ground, we may affirm on any ground supported by the record. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

Here, we focus on paragraph (g), which requires proof of these elements: (1) C.A. has been adjudicated as a CINA under section 232.96; (2) the court terminated parental rights under section 232.117 with respect to other children in the same family; (3) there is clear and convincing evidence that Fawn "continues to lack the ability or willingness to respond to services which would correct the situation"; and (4) "[t]here is clear and convincing evidence that an additional period of rehabilitation would not correct the situation." Iowa Code § 232.116(1)(g). Elements one and two are undisputed. At issue are elements three and four.

Fawn contends that she responded to services aimed at correcting the situation that led to losing custody of her older daughters.[3] She asserts that there are "minimal safety concerns" regarding her care of C.A. She insists that her

---

[3] The State contests error preservation, maintaining that Fawn did not challenge this issue at the termination hearing and has not argued it with enough detail in her petition on appeal. We assume without deciding that the issue is properly before us and proceed to the merits.

current housing would be a safe environment for C.A. She also notes her participation in "drug testing and treatment."

Granted, the family support worker testified that she had no concerns about Fawn's supervised interactions with C.A. But other worries remained. After Fawn and Carl secured an apartment in June 2023, the worker was uncomfortable having visits there because they had a roommate who had not been approved by the department. The parents—who both worked at fast food restaurants—struggled with their finances and had their power cut off three times for not paying their utility bill. One month before the termination hearing, Carl commented that he would have to start living in his car. The department offered the parents budgeting tips during the first CINA case, but they did not seek help in that area as the second case progressed.

Beyond her housing instability, Fawn refused to engage in any mental-health services. She told the department that she didn't need professional help and could "just use her mom as her counselor."

And most concerning, Fawn did not fully address her substance-use issues. Even after the termination hearing for A.M.-A. and B.A. in May 2023, Fawn tested positive for methamphetamine in June. And she continued to test positive for marijuana in September and October. Plus, Fawn missed eight scheduled drug tests during this CINA case. We presume that such missed tests would have been positive for illegal substances. *See In re R.A.,* No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021). True, Fawn finished an outpatient program in September 2023. But the counselor described her participation as doing "the minimum required" for substantial completion.

On this record, we find that the State offered clear and convincing evidence to satisfy the elements of paragraph (g). Fawn continued with a lackluster response to the offered services. And the evidence did not show that more time for rehabilitation would correct the situation.

### B. Best Interests of the Child

In her petition on appeal, Fawn argues that termination is not in C.A.'s best interests. But her appellate counsel conflates the framework for deciding what is in a child's best interests in section 232.116(2) with the exceptions to termination in section 232.116(3)(c). While this briefing mistake is common, it muddles the burdens of proof. It is the State's burden to prove termination is in a child's best interests. *See In re R.P.*, No. 23-0419, 2023 WL 3612412, at *2 (Iowa Ct. App. May 24, 2023). But our supreme court has held that the burden shifts to the parent resisting termination to prove that one of the exceptions in subsection (3) applies. *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021).

In assessing best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021) (quoting Iowa Code § 232.116(2)). We also consider C.A.'s integration into her foster home with her sisters. *See* Iowa Code § 232.116(2)(b). The case manager testified that C.A. had a close bond with her sisters and found comfort in the care of her aunt and uncle. Given the continued drug use and instability in Fawn's life, we find the State proved that termination is in C.A.'s best interests.

### C.      Closeness of Parent-Child Bond

As the last step, we turn to Fawn's argument that termination would harm C.A. because of "the closeness of the parent-child relationship."  *See id.* § 232.116(3)(c).  Fawn maintains that the juvenile court order is "very sparse" in addressing their bond.  But that's as far as her argument goes.  Her bare-bones briefing does not reveal "why" she disagrees with the court order.[4]

But assuming the issue is properly before us, we find little evidence to show C.A.'s relationship with Fawn is so close that termination would harm the child. C.A. has never lived with her mother.  Her main attachment is to her aunt and sisters.  Any bond Fawn may share with C.A. is not enough to preclude termination because the mother has not made enough progress with her substance-use and mental-health issues to ensure that the child would be raised in a safe environment.  *See In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).

**AFFIRMED.**

---

[4] We recognize termination appeals are expedited.  *See In re J.A.D.-F.*, 776 N.W.2d 879, 883 (Iowa Ct. App. 2009).  But the petitioner must "state what findings of fact or conclusions of law the district court made with which you disagree *and why,* generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal."  Iowa R. App. P. 6.1401–Form 5 (emphasis added).